Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff
Supercell Oy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERCELL OY,<br><br>*Plaintiff*<br><br>v.<br><br>BANDAI GUA GUA MODEL TOYS STORE, CHILDLIKE FIGURES STORE, CHILDREN GROWING TREE STORE, CHINA TOY HALL STORE, CHINESE GOOD STORE, CORN HUNTER GLOBAL TOY STORE, COZY PILLOW KINGDOM STORE, DONGGUAN DREAMER INDUSTRIAL CO., LTD., DONGGUAN RUIGAO PLASTIC PRODUCTS CO., LTD., HAPINQUAN STORE, JIA HAN TOYS STORE, JIANGSU FONDIN GUEST AMENITIES CO., LTD., JIAXING BIG BEAR TOYS CO., LTD., LUOLUO LNS STATIONERY STORE, MR BEAR3RD PLUSH STORE, NANNING MAGGIE TRADING CO., LTD., SHENZHEN HENGTAIHAO TECHNOLOGY CO., LTD., SHENZHEN | 25-cv-2312 (VSB)<br><br>**AMENDED[1] PRELIMINARY INJUNCTION ORDER** |

---

[1] This Amended Order amends my prior order issued on May 21, 2025. (Doc. 10.) This Amended Order effectively (1) grants Plaintiff's motion for preliminary injunction as to all Defendants except Defendants Cozy Pillow Kingdom Store and Jia Han Toys Store and (2) and denies Plaintiff's motion for preliminary injunction as to Defendants Cozy Pillow Kingdom Store and Jia Han Toys Store. Unlike my prior order, this Amended Order also grants Plaintiff's motion for preliminary injunction as to Defendant Nanning Maggie Trading Co., Ltd. To the extent there is any conflict between this Amended Order and the May 21 Order, this Amended Order shall govern.

JI MI TECHNOLOGY CO., LTD., SHENZHEN LANBOWAN TECHNOLOGY CO., LTD., SHENZHEN SIRUIQI ELECTRONIC COMMERCE CO. LTD, SHENZHEN TAISHENHUI TECHNOLOGY CO., LTD., SHOP1103058341 STORE, SHOP1103667279 STORE, SHOP1103936544 STORE, SPOT IT CARD GAME STORE, THOUSANDS OF TOYS STORE, TWOAIXINGCHENG STORE, VARIANCE OF SQUARES Y STORE, VIBRANT CLOTHING STORE, WANG CHAUN LUNG STORE, WONDERFUL FUN STORE, WUHAN JOHN KIDS TOYS CO., LTD., XIAMEN HOTITEM TECHNOLOGY CO., LTD., YANGZHOU HUANZHIDOU TOY CO., LTD., YANGZHOU LSD ELECTRONICS CO., LTD., YGLY CHOICE STORE, YIWU ALLO TRADING CO., LTD., YIWU SEASIDE TRADING CO., LTD., YIWU XINGXIN INTERNATIONAL TRADE CO., LTD., YIWU XIRUI TRADE CO., LTD., YIWU YIBU IMPORT & EXPORT CO., LTD., YOU ARE REALLY BEAUTIFUL STORE and YUDU JINYONGFA BUILDING MATERIALS SALES CENTER,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Supercell Oy** | Supercell Oy |
| **Defendants** | Bandai Gua Gua Model Toys Store, Childlike Figures Store, Children Growing Tree Store, China Toy Hall Store, Chinese Good Store, Corn Hunter Global Toy Store, Dongguan Dreamer Industrial Co., Ltd., Dongguan Ruigao Plastic Products Co., Ltd., Hapinquan Store, Jiangsu Fondin Guest Amenities Co., Ltd., Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Mr Bear3rd Plush Store, Shenzhen Hengtaihao Technology Co., Ltd., Nanning Maggie Trading Co., Ltd., Shenzhen Ji Mi Technology Co., Ltd., Shenzhen Lanbowan Technology Co., Ltd., Shenzhen Siruiqi Electronic Commerce Co. LTD, Shenzhen Taishenhui Technology Co., Ltd., Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Spot It Card Game Store, Thousands Of Toys Store, Twoaixingcheng Store, Variance Of Squares Y Store, Vibrant Clothing Store, Wang Chaun Lung Store, Wonderful Fun Store, Wuhan John Kids Toys Co., Ltd., Xiamen Hotitem Technology Co., Ltd., Yangzhou Huanzhidou Toy Co., Ltd., Yangzhou Lsd Electronics Co., Ltd., YGLY CHOICE Store, Yiwu Allo Trading Co., Ltd., Yiwu Seaside Trading Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Xirui Trade Co., Ltd., Yiwu Yibu Import & Export Co., Ltd., You Are Really Beautiful Store and Yudu Jinyongfa Building Materials Sales Center |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |

i

| **Complaint** | Plaintiff's Complaint |
|---|---|
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Ignatius Dec.** | Declaration of Markku Ignatius in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Brawl Stars Game** | A multiplayer game that allows users to pick characters with special abilities, called "Brawlers," to battle against other players using a combination of strategy and teamwork |
| **Brawl Stars Products** | A variety of products featuring characters from the Brawl Stars Game using and/or sold in connection with the Brawl Stars Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys |
| **Brawl Stars Marks** | U.S. Trademark Registration Nos.: 5,567,901 for "BRAWL STARS" for a variety of goods in Classes 16, 25 and 28 and 6,914,997 for "BRAWL" for a variety of goods in Classes 16, 25 and 28 |
| **Counterfeit Products** | Products bearing or used in connection with the Brawl Stars Marks and/or marks that are confusingly similar to the Brawl Stars Marks, and/or products in packaging and/or with labeling bearing the Brawl Stars Marks and/or marks that are confusingly similar to the Brawl Stars Marks, and/or products that are identical or confusingly similar to the Brawl Stars Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert |

| | |
|---|---|
| | or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on March 20, 2025 against all defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and all defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on April 2, 2025, the Court entered an Order granting in part and denying in part Plaintiff's Application ("TRO") which, *inter alia*, ordered all defendants to appear on April 16, 2025 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on the same day, April 2, 2025, Plaintiff submitted a letter to the Court requesting modification of the TRO ("April 2, 2025 Letter"), and on April 9, 2025, Plaintiff submitted a letter requesting further modification, as well as an extension of the TRO ("April 9, 2025 Letter");

WHEREAS, on April 14, 2025, the Court entered an Amended Temporary Restraining Order (the "Amended TRO") which, *inter alia*, granted Plaintiff's requests in the April 2, 2025 Letter and the April 9, 2025 Letter;

WHEREAS, on April 23, 2025, Plaintiff submitted a letter to the Court requesting to modify and extend the Amended TRO, including the date of the Show Cause Hearing ("April 23, 2025 Letter");

WHEREAS, on the same day, April 23, 2025, the Court entered an Order granting Plaintiff's request, which, *inter alia*, adjourned the Show Cause Hearing to May 16, 2025 at 11:00 a.m. ("April 23, 2025 Order");

WHEREAS, on May 7, 2025, pursuant to the alternative methods of service authorized by the Amended TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, the Amended TRO and the April 23, 2025 Order on each and every Defendant (i.e., all defendants except Cozy Pillow Kingdom Store and Jia Han Toys Store).

WHEREAS, on May 13, 2025, the Court entered an Order modifying the time of the Show Cause Hearing ("May 13, 2025 Order");

WHEREAS, on the same day, May 13, 2025, pursuant to the alternative methods of service authorized by the Amended TRO, Plaintiff served the May 13, 2025 Order on each and every Defendant (i.e., all defendants except Cozy Pillow Kingdom Store, Jia Han Toys Store and Nanning Maggie Trading Co., Ltd. ("Nanning Maggie"));

WHEREAS, on May 16 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

WHEREAS, on May 21, 2025, I issued an order (the "May 21 Order") granting in part and denying in part Plaintiff's motion for a preliminary injunction. (Doc. 10.) In the May 21 Order, I stated that "I do not yet opine on Plaintiff's motion for a preliminary injunction as to defendant Nanning Maggie Trading Co., Ltd. as I wait for briefing as to whether Nanning Maggie can be enjoined even though it was not served with the May 13, 2025 Order prior to the preliminary-injunction hearing."

WHEREAS, on May 21, 2025, Plaintiff filed a letter arguing that the preliminary injunction order may be issued as to Defendant Nanning Maggie.

## **PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

A.  Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

2

B.  As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Brawl Stars Marks; and

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Brawl Stars Products.

C.  The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Brawl Stars Marks and to its reputation if the relief granted in the Amended TRO is not continued through the pendency of this action.

D.  Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Brawl Stars Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Brawl Stars Products.

# ORDER[2]

1. The injunctive relief previously granted in the Amended TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Brawl Stars Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Brawl Stars Marks;

    ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts

---

[2] For the avoidance of doubt, I grant in part and deny in part Plaintiff's motion for a preliminary injunction. I grant the motion for a preliminary injunction as to all defendants except defendants Cozy Pillow Kingdom Store and Jia Han Toys Store. Defendant Nanning Maggie Trading Co., Ltd. was served with "the Summons, Complaint, [temporary restraining order], all papers filed in support of the [a]pplication [for a temporary restraining order], the Amended [temporary restraining order], and the April 23, 2025 Order" adjourning the preliminary-injunction show-cause hearing to May 16, 2025 at 11 a.m. The only document that Nanning Maggie was not served was the May 13, 2025 order, which modified the time (but not the date) of the show-cause hearing. Accordingly, Nanning Maggie had ample notice of Plaintiff's motion for a preliminary injunction, as required under Federal Rule of Civil Procedure 65(a)(1).

I note that it is unclear if a court can enjoin a defendant through a preliminary-injunction order if that defendant was served only with a summons and complaint, and never served with any preliminary-injunction papers. Plaintiff cites only cases entering default judgment against defendants who were served with the summons and complaint, but not with default-judgment papers. *See AKF, Inc. v. Arnold Bros. Forest Prods., Inc.*, No. 20-CV-7708, 2023 WL 5310243, at *4 (S.D.N.Y. Apr. 28, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 5302336 (S.D.N.Y. Aug. 17, 2023). The courts in those cases entered default judgment notwithstanding the lack of service of default-judgment papers because Federal Rule of Civil Procedure 55 was silent as to "notice" for non-appearing defendants. In contrast, a motion for a preliminary injunction is analyzed under Federal Rule of Civil Procedure 65. Under Rule 65(a)(1), preliminary injunctions—unlike temporary restraining orders—may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Because defendants Cozy Pillow Kingdom Store and Jia Han Toys Store have not been served with any filings or orders in this case, Plaintiff's motion for a preliminary injunction as to those two defendants is DENIED.

       including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

iii. directly or indirectly infringing in any manner Plaintiff's Brawl Stars Marks;

iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Brawl Stars Marks, to identify any goods or services not authorized by Plaintiff;

v. using Plaintiff's Brawl Stars Marks and/or any other marks that are confusingly similar to the Brawl Stars Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants'

       Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers

6

    who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

        ii. instructing, aiding or abetting Defendants and/or any person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) above and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the Amended TRO shall remain in place through the pendency of this litigation, including that:

    a)    within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the

Amended TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of

8

       each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the Amended TRO;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the Amended TRO;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of counterfeit Products, or any other products bearing the Brawl Stars Marks and/or marks that are confusingly similar to, identical to and/or constitute an infringement of the Brawl Stars Marks.

4. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service of this Order may be made on, and shall be deemed effective as to the Defendants if it is completed by the following means:

  a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the Amended TRO or may otherwise be determined.

5. As sufficient cause has been shown, such alternative service by electronic means ordered in the Amended TRO and herein shall be deemed effective as to Defendant Shenzhen Ji Mi Technology Co., Ltd., Third Party Service Providers and Financial Institutions through the pendency of this action. All other Defendants must be served in accordance with the Hague Convention. Plaintiff shall update the Court about the status of Hague Convention service every three (3) months.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s at thirdpartyrequests@payoneer.com; and

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

11

     PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department trorequest@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

SO ORDERED.

Dated: May 23, 2025
       New York, New York

                                          Vernon S. Broderick
                                          United States District Judge