```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   SUPERCELL OY,                                            :
                                                            :
                                                            :
                              Plaintiff,                    :
                                                            :      25-CV-2312 (VSB)
                   -against-                                :
                                                            :      SEALED ORDER
                                                            :
                                                            :
   BANDAI GUA GUA MODEL TOYS                                :
   STORE, et al.,                                           :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      A telephonic conference is scheduled for Tuesday, March 25, 2025 at 2 p.m. to address the issues raised in, among other things, Plaintiff Supercell Oy's request for a temporary restraining order ("TRO"). During that conference, counsel for Plaintiff should be prepared to answer the following questions for the Court:

1. The Complaint states that Defendants are "offering shipping . . . to New York and specifically the New York Address[1]." (Compl. ¶ 3(c).) According to the Complaint, Plaintiff's counsel "specified a shipping address located at the New York Address and verified that each Defendant provides shipping to the New York Address." (Id. ¶ 41.) The Natasasi Declaration also states that counsel "specified a shipping address to the New York Address and verified that each Defendant provides shipping to the New York address." (Natasasi Decl. ¶ 28.) How was it "verified that each Defendant provides

---

[1] "New York Address" is defined as 244 Madison Ave, Suite 411, New York, New York 10016. (See Compl. at ii. (glossary of defined terms).)

shipping to the New York address."?  How many of the allegedly counterfeit products were in fact shipped to New York?  Which of the allegedly counterfeit products were in fact shipped to New York?  Is there any evidence in the record of any Defendants shipping products to New York?

2. Plaintiff provided screenshots for various "checkout" pages.  One example, among several, is a "checkout page" from Defendant Corn Hunter Global Toy Store on AliExpress.  (Compl. Ex. A at 44.)  Is there a situation where an item can be placed on the "checkout page" for delivery to New York, but attempts to actually purchase the items eventually fail because the product cannot be delivered to New York?  How does availability of the New York Address during the checkout process, without confirming actual shipments to New York, establish personal jurisdiction over Defendants?

3. Plaintiff also provided screenshots of various "order confirmation" pages.  One example, among several, is an "order confirmation" from Defendant Cozy Pillow Kingdom Store on AliExpress.  (*Id.* at 53.)   This order was placed on January 21, 2025, and the estimated delivery date was February 3, 2025.  (*Id.*)  Was the product, in fact, delivered to the New York Address?  Are there other orders placed, with any Defendant, where the purchased product was in fact delivered to the New York Address or anywhere else in New York?  If not, how does an "order confirmation" page, without confirmation of actual shipments to New York, establish personal jurisdiction over Defendants?

4. Plaintiff provided a screenshot of a "checkout" page from Defendant Jiangsu Fondin Guest Amenities Co., Ltd., where it appears that a customer service representative named Cassie Zhang wrote on December 11, 2024 at 2:42 p.m.: "Yes, we can ship to new york."

(*Id.* at 90.)[2]  Was this product in fact purchased, and if so, was it in fact delivered to New York?  How does a customer service representative's statement that a product can be shipped to New York, without confirming actual shipments to New York, establish personal jurisdiction over Defendants?

5. Is there any evidence in the record of any Defendants advertising to New York consumers?

6. Do any of Plaintiff's "authorized agents, authorized licensees or authorized distributors" (Compl. ¶ 39), offer products for sale with the Counterfeit Products on Alibaba and/or AliExpress?

7. How did Plaintiffs confirm that Defendants "are not, and have never been, authorized by Plaintiffs or any of their authorized agents, authorized licensees or authorized distributors" to "sell the Brawl Stars Products or to use the Brawl Stars Marks"?  (Compl. ¶ 39; *see also* Ignatius Decl. 23.)

8. The Complaint notes that "[n]o one other than Supercell and its Authorized Licensees are authorized to manufacture . . . or sell any goods utilizing the Brawl Stars Marks." (Compl. ¶ 21.)  Are the Authorized Licensees entitled to issue licenses?  Are the Authorized Licensees entitled to outsource the manufacture of goods utilizing the Brawl Stars Marks?

9. Has Plaintiff determined that each Defendant is selling counterfeit products?  If so, was a comparison done between Plaintiff's Brawl Stars Products, which uses "the highest quality materials and processes," (Compl. ¶ 17), and the counterfeit products sold by each Defendant?

---

[2] (*See also id.* at 120 (customer representative Jack Gong from Defendant Nanning Maggie Trading Co., Ltd. responding to question, "hi do you ship to new York" with "Can Send[.]").)

10. I understand that Markku Ignatius, the General Counsel of Supercell, submitted a declaration stating that "Supercell has trained its counsel, Epstein Drangel, on how to identify products to determine the authenticity of Braw Stars Products confidential." (Ignatius Decl. ¶ 25.)  What did this training entail?

SO ORDERED.

Dated: March 24, 2025
      New York, New York

Vernon S. Broderick
United States District Judge