

**EPSTEIN DRANGEL LLP**

6 East 45th Street, 7th Floor, New York, NY 10017
**T:** 212.292.5390 • **E:** mail@ipcounselors.com
www.ipcounselors.com

February 3, 2026

**VIA E-MAIL**
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

> **Re:**    ***Supercell Oy v. Bandai Gua Gua Model Toys Store, et al.***
> **Case No. 25-cv-2312 (VSB)**
> **Letter Requesting Adjournment and Status Update**

Dear Judge Broderick,

We represent Supercell Oy ("Plaintiff"), in the above-referenced matter (the "Action").[1] On January 15, 2026, the Court ordered Plaintiff to appear for a telephonic status conference ("Status Conference") on February 6, 2026 at 2:30 p.m. to discuss any ongoing settlement discussions and Plaintiff's service methods for each of the remaining Defendants ("January 15, 2026 Order"). (Dkt. 36). Plaintiff respectfully requests that the Court indefinitely adjourn the Status Conference as Plaintiff is no longer engaging in productive settlement discussions with any of the Defendants remaining in the Action and has completed the process of serving those Defendants for whom it was able to locate physical addresses for through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague"). This is Plaintiff's first request for an adjournment of the Status Conference and Plaintiff did not request the consent of Defendants as all remaining Defendants are currently in default. Accordingly, Plaintiff respectfully submits this letter to provide the Court with a status update regarding the service on such Defendants, request that the Status Conference be indefinitely adjourned and to respectfully request to file its motion for default judgment by no later than **March 6, 2026**.

Plaintiff attempted service through the Hague on those Defendants for which it was able to locate physical addresses. Per the Nastasi Dec. (Dkt. 22), those Defendants are: Bandai Gua Gua Model Toys Store, Childlike Figures Store, Corn Hunter Global Toy Store, Dongguan Dreamer Industrial Co., Ltd., Hapinquan Store, Nanning Maggie Trading Co., Ltd., Shenzhen Hengtaihao Technology Co., Ltd., Twoaixingcheng Store, Vibrant Clothing Store, You Are Really Beautiful Store, China Toy Hall Store, Chinese Good Store, Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Shenzhen Lanbowan Technology Co., Ltd., Thousands Of Toys Store, Wang Chaun Lung Store, Wuhan John Kids Toys Co., Ltd., Yiwu Allo Trading Co., Ltd., Yudu Jinyongfa Building Materials Sales Center, Children Growing

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Complaint or Application.

Hon. Vernon S. Broderick
February 3, 2026
Page **2** of **3**

Tree Store, Dongguan Ruigao Plastic Products Co., Ltd., Jiangsu Fondin Guest Amenities Co., Ltd., Mr Bear3rd Plush Store, Shenzhen Siruiqi Electronic Commerce Co. LTD, Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Spot It Card Game Store, Variance Of Squares Y Store, Wonderful Fun Store, Xiamen Hotitem Technology Co., Ltd., Yangzhou Huanzhidou Toy Co., Ltd., Yangzhou Lsd Electronics Co., Ltd., YGLY CHOICE Store, Yiwu Seaside Trading Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Xirui Trade Co., Ltd. and Yiwu Yibu Import & Export Co., Ltd.

Additionally, per the Nastasi Dec., Defendant Shenzhen Ji Mi Technology Co., Ltd. displayed a false address on its Merchant Storefront not connected to the Defendant in any way ("False Address Defendant"). As Epstein Drangel's Beijing office could not independently locate a true and correct physical address for the False Address Defendant, the Hague did not apply to the False Address Defendant, and the alternative service authorized by the Temporary Restraining Order ("TRO") (Dkt. 26) and Preliminary Injunction Order ("PI Order") (Dkt. 10) was necessary and proper.

In beginning the Hague service process, Epstein Drangel's Beijing office notified Plaintiff's counsel that Defendant Nanning Maggie Trading Co., Ltd.'s company had its license revoked and therefore had effectively been deregistered, meaning that there is no longer a physical address registered to and/or associated with Defendant Nanning Maggie Trading Co., Ltd.'s company ("Deregistered Defendant"). Epstein Drangel's Beijing office confirmed it was unable to independently locate an alternate physical address for the Deregistered Defendant.

Epstein Drangel's Beijing office has received the Hague service results for all of the Defendants upon whom Hague service was able to be attempted. Hague service was successful on Defendants Bandai Gua Gua Model Toys Store, Childlike Figures Store, Twoaixingcheng Store, China Toy Hall Store, Chinese Good Store, Shenzhen Lanbowan Technology Co., Ltd., Thousands Of Toys Store, Wang Chaun Lung Store, Yiwu Allo Trading Co., Ltd., Yudu Jinyongfa Building Materials Sales Center, Children Growing Tree Store, Dongguan Ruigao Plastic Products Co., Ltd., Spot It Card Game Store, Variance Of Squares Y Store, Wonderful Fun Store, Yangzhou Lsd Electronics Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Xirui Trade Co., Ltd. and Yiwu Yibu Import & Export Co., Ltd. ("Successful Hague Defendants"). (Dkt. 38). Hague service was unsuccessful on Defendants Corn Hunter Global Toy Store, Dongguan Dreamer Industrial Co., Ltd., Hapinquan Store, Shenzhen Hengtaihao Technology Co., Ltd., Vibrant Clothing Store, You Are Really Beautiful Store., Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Wuhan John Kids Toys Co., Ltd., Jiangsu Fondin Guest Amenities Co., Ltd., Mr Bear3rd Plush Store, Shenzhen Siruiqi Electronic Commerce Co. LTD, Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Xiamen Hotitem Technology Co., Ltd., Yangzhou Huanzhidou Toy Co., Ltd., YGLY CHOICE Store and Yiwu Seaside Trading Co., Ltd. ("Unsuccessful Hague Defendants").

Given that Plaintiff has no way to effectuate regular service on the False Address Defendant, Deregistered Defendant and Unsuccessful Hague Defendants, and the Hague does not apply when an address is unknown,[2] Plaintiff respectfully submits that the alternative service requested in Plaintiff's

---

[2] "Article 1 of the Hague Convention specifies that the Convention does not apply when the addresses of foreign defendants are unknown." *Microsoft Corp. v. John Does 1-21, 25-35, and 37-39*, No. 12-cv-01335, 2012 WL 5497946, at *6 (E.D.N.Y. Nov. 13, 2012); *see also, SEC v. Lines*, 07 Civ. 11387, 2009 WL 3179503, at *9-10 (S.D.N.Y. Oct. 2, 2009) (citing Convention

Hon. Vernon S. Broderick
February 3, 2026
Page **3** of **3**

Application[3] was necessary and appropriate. Accordingly, Plaintiff respectfully requests that the Court deem the alternative service initially effectuated on the False Address Defendant, Deregistered Defendant and Unsuccessful Hague Defendants proper for purposes of moving for default judgment against the False Address Defendant, Deregistered Defendant and Unsuccessful Hague Defendants. Recently, in analogous actions, Judge Rakoff and Judge Rochon deemed the alternative service initially completed on similarly deregistered defendants effective for the purposes of the plaintiff's moving for default judgment against them. *FoxMind Canada Enterprises Ltd. v. APROAT, et al.*, Case No. 25-cv-5837 (JSR), Dkt. 43 (S.D.N.Y. Jan. 8, 2026); *Supercell Oy v. ANXIZHILANGSHANGMAOYOUXI, et al.*, Case No. 25-cv-2315 (JLR) (S.D.N.Y. Jan. 20, 2026). Moreover, Judge Furman and Judge Rochon have done the same with respect to defendants upon whom Hague service failed. *King Spider LLC v. 884886 CH Store, et al.*, Case No 23-cv-3472 (JMF), Dkt. 205, 248, 279 (S.D.N.Y. 2025); *Supercell Oy v. ANXIZHILANGSHANGMAOYOUXI, et al.*, Case No. 25-cv-2315 (JLR) (S.D.N.Y. Jan. 20, 2026).

      We thank the Court for its time and attention to this matter.

APPLICATION GRANTED
SO ORDERED _____
VERNON S. BRODERICK
U.S.D.J. 2/4/2026

This Court indefinitely adjourns the status conference currently set for February 6, 2026. Moreover, I find that Plaintiff has sufficiently proffered their reasonable but unsuccessful attempts to discover the physical addresses of the False Address Defendants, the Deregistered Defendants, and the Unsuccessful Hague Defendants. *See Pinkfong Co., Inc. v. Avensy Store ("Pinkfong II")*, No. 23-CV-09238, 2023 WL 8530159, at *3 (S.D.N.Y. Nov. 30, 2023) (allowing alternative service only as to defendants who had "false addresses"); *Smart Study Co., LTD v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 WL 3672740, at *2 (2d Cir. Dec. 18, 2025) (Both the Rule 4(f)(2) and 4(f)(3) paths are open when, as set forth in Article 1 of the Hague Convention, "the address of the person to be served with the document is not known" because in those circumstances, the Hague Convention does not apply.). As sufficient cause has been shown, such alternative service by electronic means ordered in the Amended Temporary Restraining Order, (Doc. 26), and the Amended Preliminary Injunction Order, (Doc. 11), shall be deemed effective as to the False Address Defendants, the Deregistered Defendants, and the Unsuccessful Hague Defendants. Plaintiff shall effectuate service of this order granting alternative service as to the False Address Defendants, the Deregistered Defendants, and the Unsuccessful Hague Defendants, and Plaintiff shall file its motion for default judgment by March 6, 2026.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Melissa J. Levine
Melissa J. Levine
mlevine@ipcounselors.com
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Supercell Oy*

done at the Hague, November 15 1965, 20 U.S.T. 361 (U.S.T.1969)).

[3] The alternative service authorized by the TRO allowed Plaintiff to serve Defendants by the following means:

    1) delivery of: (i) PDF copies of [the TRO] together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking [the TRO] to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) [of the TRO] or may otherwise be determined.