Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Supercell Oy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERCELL OY,<br><br>*Plaintiff*<br><br>v.<br><br>BANDAI GUA GUA MODEL TOYS STORE, CHILDLIKE FIGURES STORE, CHILDREN GROWING TREE STORE, CHINA TOY HALL STORE, CHINESE GOOD STORE, CORN HUNTER GLOBAL TOY STORE, COZY PILLOW KINGDOM STORE, DONGGUAN DREAMER INDUSTRIAL CO., LTD., DONGGUAN RUIGAO PLASTIC PRODUCTS CO., LTD., HAPINQUAN STORE, JIA HAN TOYS STORE, JIANGSU FONDIN GUEST AMENITIES CO., LTD., JIAXING BIG BEAR TOYS CO., LTD., LUOLUO LNS STATIONERY STORE, MR BEAR3RD PLUSH STORE, NANNING MAGGIE TRADING CO., LTD., SHENZHEN HENGTAIHAO TECHNOLOGY CO., LTD., SHENZHEN JI MI TECHNOLOGY CO., LTD., SHENZHEN LANBOWAN TECHNOLOGY CO., LTD., SHENZHEN SIRUIQI ELECTRONIC COMMERCE CO. LTD, SHENZHEN TAISHENHUI TECHNOLOGY CO., LTD., SHOP1103058341 | **CIVIL CASE NO.<br>25-cv-2312 (VSB)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

STORE, SHOP1103667279 STORE, SHOP1103936544 STORE, SPOT IT CARD GAME STORE, THOUSANDS OF TOYS STORE, TWOAIXINGCHENG STORE, VARIANCE OF SQUARES Y STORE, VIBRANT CLOTHING STORE, WANG CHAUN LUNG STORE, WONDERFUL FUN STORE, WUHAN JOHN KIDS TOYS CO., LTD., XIAMEN HOTITEM TECHNOLOGY CO., LTD., YANGZHOU HUANZHIDOU TOY CO., LTD., YANGZHOU LSD ELECTRONICS CO., LTD., YGLY CHOICE STORE, YIWU ALLO TRADING CO., LTD., YIWU SEASIDE TRADING CO., LTD., YIWU XINGXIN INTERNATIONAL TRADE CO., LTD., YIWU XIRUI TRADE CO., LTD., YIWU YIBU IMPORT & EXPORT CO., LTD., YOU ARE REALLY BEAUTIFUL STORE and YUDU JINYONGFA BUILDING MATERIALS SALES CENTER,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Supercell Oy** | Supercell Oy | N/A |
| **Defendants** | Bandai Gua Gua Model Toys Store, Childlike Figures Store, Children Growing Tree Store, China Toy Hall Store, Chinese Good Store, Corn Hunter Global Toy Store, Cozy Pillow Kingdom Store, Dongguan Dreamer Industrial Co., Ltd., Dongguan Ruigao Plastic Products Co., Ltd., Hapinquan Store, Jia Han Toys Store, Jiangsu Fondin Guest Amenities Co., Ltd., Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Mr Bear3rd Plush Store, Nanning Maggie Trading Co., Ltd., Shenzhen Hengtaihao Technology Co., Ltd., Shenzhen Ji Mi Technology Co., Ltd., Shenzhen Lanbowan Technology Co., Ltd., Shenzhen Siruiqi Electronic Commerce Co. LTD, Shenzhen Taishenhui Technology Co., Ltd., Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Spot It Card Game Store, Thousands Of Toys Store, Twoaixingcheng Store, Variance Of Squares Y Store, Vibrant Clothing Store, Wang Chaun Lung Store, Wonderful Fun Store, Wuhan John Kids Toys Co., Ltd., Xiamen Hotitem Technology Co., Ltd., Yangzhou Huanzhidou Toy Co., Ltd., Yangzhou Lsd Electronics Co., Ltd., YGLY CHOICE Store, Yiwu Allo Trading Co., Ltd., Yiwu Seaside Trading Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Xirui Trade Co., Ltd., Yiwu Yibu Import & Export Co., Ltd., You Are Really Beautiful Store and Yudu Jinyongfa Building Materials Sales Center | N/A |
| **Defaulting Defendants** | Bandai Gua Gua Model Toys Store, Childlike Figures Store, Children Growing Tree Store, China Toy Hall Store, Corn Hunter Global Toy Store, Dongguan Dreamer Industrial Co., Ltd., Hapinquan Store, Jiangsu Fondin Guest Amenities Co., Ltd., Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Mr Bear3rd Plush Store, Nanning Maggie Trading Co., Ltd., Shenzhen Ji Mi Technology Co., Ltd., Shenzhen Lanbowan Technology Co., Ltd., Shenzhen Siruiqi Electronic Commerce Co. LTD, Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Spot It Card Game Store, Twoaixingcheng Store, Variance Of Squares Y Store, Vibrant Clothing Store, Wonderful Fun Store, Wuhan John Kids Toys Co., Ltd., Yangzhou Huanzhidou Toy | N/A |

i

| | | |
|---|---|---|
| | Co., Ltd., Yangzhou Lsd Electronics Co., Ltd., YGLY CHOICE Store, Yiwu Allo Trading Co., Ltd., Yiwu Seaside Trading Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Yibu Import & Export Co., Ltd., You Are Really Beautiful Store and Yudu Jinyongfa Building Materials Sales Center | |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on March 17, 2025 | 1 |
| **Complaint** | Plaintiff's Complaint filed on March 20, 2025 | 13 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 20, 2025 | 20-22 |
| **TRO** | The Temporary Restraining Order against the Defendants, Third Party Service Providers and Financial Institutions entered by the Court on April 14, 2025 | 26 |
| **Ignatius Dec.** | Declaration of Markku Ignatius in Support of Plaintiff's Application | 21 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 22 |

ii

| | | |
|---|---|---|
| **Brawl Stars Game** | A multiplayer game that allows users to pick characters with special abilities, called "Brawlers," to battle against other players using a combination of strategy and teamwork | N/A |
| **Brawl Stars Products** | A variety of products featuring characters from the Brawl Stars Game using and/or sold in connection with the Brawl Stars Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys | N/A |
| **Brawl Stars Marks** | U.S. Trademark Registration Nos.: 5,567,901 for "BRAWL STARS" for a variety of goods in Classes 16, 25 and 28 and 6,914,997 for "BRAWL" for a variety of goods in Classes 16, 25 and 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Brawl Stars Marks and/or marks that are confusingly similar to the Brawl Stars Marks, and/or products in packaging and/or with labeling bearing the Brawl Stars Marks and/or marks that are confusingly similar to the Brawl Stars Marks, and/or products that are identical or confusingly similar to the Brawl Stars Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |

iii

| Financial Institutions | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
|---|---|---|
| Third Party Service Providers | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| PI Order | The Preliminary Injunction Order entered by the Court on May 23, 2025 | 11 |
| Plaintiff's Motion for Default Judgment | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on March 5, 2026 | TBD |
| Nastasi Aff. | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

iv

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Brawl Stars Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1)  Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed against Defaulting Defendants without prejudice;

## II.    Damages Awards

IT IS FURTHER ORDERED that this case will be referred to Magistrate Judge Valerie Figueredo, for an inquest on damages.

## III.    Permanent Injunction

1)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or

1

under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Brawl Stars Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Brawl Stars Marks;

B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiff's Brawl Stars Marks;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Brawl Stars Marks to identify any goods or services not authorized by Plaintiff;

E. using Plaintiff's Brawl Stars Marks and/or any other marks that are confusingly similar to the Brawl Stars Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported,

2

advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Brawl Stars Marks or bear any marks that are confusingly similar to the Brawl Stars Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions

3

who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

   A.  operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

   B.  instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3)(A) and III(4)(A) above.

## IV.    Dissolution of Rule 62(a) Stay

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.    Miscellaneous Relief

1)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

4

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 6 East 45th Street, Floor 7th, New York, NY 10017;

4) As articulated above, this matter will be referred to the assigned Magistrate Judge for an inquest on damages; and

5) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Dated:     April 22, 2026
           New York, New York

Vernon S. Broderick
United States District Judge

5