UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUPERCELL OY,

                    Plaintiff,

    -v-

BANDAI GUA GUA MODEL TOYS STORE,
et al.,

                    Defendants.

25-CV-02312 (VSB) (VF)

**ORDER**

**VALERIE FIGUEREDO,** United States Magistrate Judge.

On April 23, 2026, the Honorable Vernon S. Broderick referred this case for the purpose of conducting an inquest, with respect to the damages that should be awarded to Supercell Oy ("Plaintiff") upon the default of the Defaulting Defendants.[1] See ECF Nos. 55-56. Accordingly, it is hereby ORDERED that:

1. No later than **May 29, 2026**, Plaintiff shall serve on Defaulting Defendants and file Proposed Findings of Fact and Conclusions of Law concerning damages ("Proposed Findings"). Plaintiff shall include, with such service, a copy of this Order.

---

[1] The Defaulting Defendants are: Bandai Gua Gua Model Toys Store, Childlike Figures Store, Children Growing Tree Store, China Toy Hall Store, Corn Hunter Global Toy Store, Dongguan Dreamer Industrial Co., Ltd., Hapinquan Store, Jiangsu Fondin Guest Amenities Co., Ltd., Jiaxing Big Bear Toys Co., Ltd., Luoluo Lns Stationery Store, Mr Bear3rd Plush Store, Nanning Maggie Trading Co., Ltd., Shenzhen Ji Mi Technology Co., Ltd., Shenzhen Lanbowan Technology Co., Ltd., Shenzhen Siruiqi Electronic Commerce Co. LTD, Shop1103058341 Store, Shop1103667279 Store, Shop1103936544 Store, Spot It Card Game Store, Twoaixingcheng Store, Variance Of Squares Y Store, Vibrant Clothing Store, Wonderful Fun Store, Wuhan John Kids Toys Co., Ltd., Yangzhou Huanzhidou Toy Co., Ltd., Yangzhou Lsd Electronics Co., Ltd., YGLY CHOICE Store, Yiwu Allo Trading Co., Ltd., Yiwu Seaside Trading Co., Ltd., Yiwu Xingxin International Trade Co., Ltd., Yiwu Yibu Import & Export Co., Ltd., You Are Really Beautiful Store, and Yudu Jinyongfa Building Materials Sales Center. ECF No. 55 at 3-4.

2. Plaintiff's Proposed Findings should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

3. Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submissions should not only set out the legal basis for such an award, but should also:

   a. provide copies of Plaintiff's attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, see New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983);

   b. address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008); and

   c. provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

4. Defaulting Defendants shall submit their response to Plaintiff's submissions, if any, no later than **June 15, 2026.** Defendants are cautioned, however, that, as corporate entities, they may not appear in this Court without an attorney

and therefore any response that they seek to file, including any request for a hearing on damages, must be made through counsel for that response to be considered by the Court.

5. IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS BY **JUNE 15, 2026**, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated:     New York, New York
           April 27, 2026

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge

3